IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROSEANNE RAMOS,<br>ARION COLVIN,<br>ANTHONY CARTER,<br>ANTHONY CHURCH,<br><br>Defendants. | **I N D I C T M E N T**<br><br>**1:18 CR 629**<br><br>CASE NO._____<br>Title 21, Sections 841(a)(1),<br>(b)(1)(C), 846, and 853,<br>United States Code<br><br>JUDGE OLIVER |

### COUNT 1
(Conspiracy to Possess with Intent to Distribute Controlled Substances,
in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846)

The Grand Jury charges:

1.      From on or about January 14, 2017 to on or about February 23, 2017, the exact dates to the Grand Jury unknown, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendants ROSEANNE RAMOS, ARION COLVIN, ANTHONY CARTER, and ANTHONY CHURCH did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree together and with each other, and with diverse others known and unknown to the Grand Jury, to possess with the intent to distribute at least 312,750 milligrams of hydrocodone-APAP, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## MANNER AND MEANS OF THE CONSPIRACY

2. It was part of the conspiracy that:

    a. RAMOS, a medical assistant of registered Doctor, used a Doctor's prescriptive authority, without his knowledge and authority, to issue prescriptions for hydrocodone-APAP to individuals.

    b. It was further part of the conspiracy that RAMOS, COLVIN, CARTER, and CHURCH picked up the illegally filled prescriptions at pharmacies located in Cleveland, Lorain, Elyria and elsewhere.

## OVERT ACTS

3. In furtherance of the conspiracy, and to effect the goals and conceal the existence thereof, Defendants and others performed acts in the Northern District of Ohio and elsewhere, including but not limited to, the following:

    a. On or about December 12, 2016, RAMOS picked up a prescription in the name of C. Suarez containing 120 tablets of hydrocodone-APAP (7.5-325 mg), a Schedule II controlled substance, at Walgreens #10222, 2730 N. Broadway, Lorain, Ohio.

    b. On or about December 21, 2016, RAMOS picked up a prescription in the name of G. Church, containing 120 tablets of hydrocodone-APAP (7.5-325 mg), a Schedule II controlled substance, at Walgreens #10222, 2730 N. Broadway, Lorain, Ohio.

    c. On or about January 1, 2017, RAMOS picked up a prescription in the name of L. Suarez containing 120 tablets of hydrocodone-APAP (7.5-325 mg), a Schedule II controlled substance, at Walgreens #5138, 100 Cleveland Street, Elyria, Ohio.

    d. On or about January 10, 2017, RAMOS picked up a prescription in the name of J. Michael containing 120 tablets of hydrocodone-APAP (7.5-325 mg), a Schedule II

controlled substance, at Walgreens #6574, 5411 Leavitt Road, Lorain, Ohio.

    e.    On or about January 14, 2017, CHURCH picked up a prescription in the name of Joseph Watson, containing 120 tablets of hydrocodone-APAP (7.5-325 mg), a Schedule II controlled substance, at Walgreens #10222, 2730 N. Broadway, Lorain, Ohio.

    f.    On or about January 24, 2017, CARTER picked up a prescription in the name of Anthony Carter, containing 120 tablets of hydrocodone-APAP (7.5-325 mg), a Schedule II controlled substance, at Walgreens #5138, 100 Cleveland Street, Elyria, Ohio.

    g.    On or about February 4, 2017, RAMOS picked up a prescription in the name of C. Brezovsky containing 120 tablets of hydrocodone-APAP (7.5-325 mg), a Schedule II controlled substance, at CVS #3353, 3230 Oberlin Avenue, Lorain, Ohio.

    h.    On or about February 8, 2017, RAMOS picked up a prescription in the name of C. Suarez, containing 120 tablets of hydrocodone-APAP (7.5-325 mg), a Schedule II controlled substance, at Walgreens #10222, 2730 N. Broadway, Lorain, Ohio.

    i.    On or about February 17, 2017, RAMOS picked up a prescription in the name of Roseanne Ramos, containing 120 tablets of hydrocodone-APAP (7.5-325 mg), a Schedule II controlled substance, at CVS #3353, 3230 Oberlin Avenue, Lorain, Ohio.

    j.    On or about February 18, 2017, COLVIN picked up a prescription in the name of Arion Colvin, containing 120 tablets of hydrocodone-APAP (7.5-325 mg), a Schedule II controlled substance, at CVS #3353, 3230 Oberlin Avenue, Lorain, Ohio.

    k.    On or about February 23, 2017, RAMOS picked up a prescription in the name of J. Church, containing 120 tablets of hydrocodone-APAP (7.5-325 mg), a Schedule II controlled substance, at Walgreens #5138, 100 Cleveland Street, Elyria, Ohio.

    l.    On or about February 23, 2017, CHURCH picked up a prescription in the name of James Church, containing 120 tablets of hydrocodone-APAP (7.5-325 mg), a Schedule II controlled substance, at Walgreens #5138, 100 Cleveland Street, Elyria, Ohio.

All in violation of Title 21, United States Code, Section 846.

COUNT 2<br>(Possession with Intent to Distribute Controlled Substances,<br>in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C))

The Grand Jury further charges:

    6.    On or about December 12, 2016, in the Northern District of Ohio, Eastern Division, Defendant ROSEANNE RAMOS did knowingly and intentionally possess with the intent to distribute approximately 120 tablets of hydrocodone-APAP (7.5-325 mg), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

COUNT 3<br>(Possession with Intent to Distribute Controlled Substances,<br>in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C))

The Grand Jury further charges:

    7.    On or about December 21, 2016, in the Northern District of Ohio, Eastern Division, Defendant ROSEANNE RAMOS did knowingly and intentionally possess with the intent to distribute approximately 120 tablets of hydrocodone-APAP (7.5-325 mg), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

COUNT 4
(Possession with Intent to Distribute Controlled Substances,
in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C))

The Grand Jury further charges:

8. On or about January 1, 2017, in the Northern District of Ohio, Eastern Division, Defendant ROSEANNE RAMOS did knowingly and intentionally possess with the intent to distribute approximately 120 tablets of hydrocodone-APAP (7.5-325 mg), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

COUNT 5
(Possession with Intent to Distribute Controlled Substances,
in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C))

The Grand Jury further charges:

9. On or about January 10, 2017, in the Northern District of Ohio, Eastern Division, Defendant ROSEANNE RAMOS did knowingly and intentionally possess with the intent to distribute approximately 120 tablets of hydrocodone-APAP (7.5-325 mg), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

COUNT 6
(Possession with Intent to Distribute Controlled Substances,
in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C))

The Grand Jury further charges:

10. On or about January 14, 2017, in the Northern District of Ohio, Eastern Division, Defendant ANTHONY CHURCH did knowingly and intentionally possess with the intent to distribute approximately 120 tablets of hydrocodone-APAP (7.5-325 mg), a Schedule II

controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT 7
(Possession with Intent to Distribute Controlled Substances,
in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C))

The Grand Jury further charges:

11. On or about January 24, 2017, in the Northern District of Ohio, Eastern Division, Defendant ANTHONY CARTER did knowingly and intentionally possess with the intent to distribute approximately 120 tablets of hydrocodone-APAP (7.5-325 mg), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT 8
(Possession with Intent to Distribute Controlled Substances,
in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C))

The Grand Jury further charges:

12. On or about February 4, 2017, in the Northern District of Ohio, Eastern Division, Defendant ROSEANNE RAMOS did knowingly and intentionally possess with the intent to distribute approximately 120 tablets of hydrocodone-APAP (7.5-325 mg), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT 9
(Possession with Intent to Distribute Controlled Substances,
in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C))

The Grand Jury further charges:

13. On or about February 8, 2017, in the Northern District of Ohio, Eastern Division, Defendant ROSEANNE RAMOS did knowingly and intentionally possess with the intent to

distribute approximately 120 tablets of hydrocodone-APAP (7.5-325 mg), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT 10
(Possession with Intent to Distribute Controlled Substances,
in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C))

The Grand Jury further charges:

14. On or about February 17, 2017, in the Northern District of Ohio, Eastern Division, Defendant ROSEANNE RAMOS did knowingly and intentionally possess with the intent to distribute approximately 120 tablets of hydrocodone-APAP (7.5-325 mg), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT 11
(Possession with Intent to Distribute Controlled Substances,
in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C))

The Grand Jury further charges:

13. On or about February 18, 2017, in the Northern District of Ohio, Eastern Division, Defendant ARION COLVIN did knowingly and intentionally possess with the intent to distribute approximately 120 tablets of hydrocodone-APAP (7.5-325 mg), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

COUNT 12
(Possession with Intent to Distribute Controlled Substances,
in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C))

The Grand Jury further charges:

14. On or about February 23, 2017, in the Northern District of Ohio, Eastern Division, Defendant ROSEANNE RAMOS did knowingly and intentionally possess with the intent to distribute approximately 120 tablets of hydrocodone-APAP (7.5-325 mg), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

COUNT 13
(Possession with Intent to Distribute Controlled Substances,
in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C))

The Grand Jury further charges:

15. On or about February 23, 2017, in the Northern District of Ohio, Eastern Division, Defendant ANTHONY CHURCH did knowingly and intentionally possess with the intent to distribute approximately 120 tablets of hydrocodone-APAP (7.5-325 mg), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

FORFEITURE

The Grand Jury further charges:

16. For the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853, the allegations of Counts 1 through 13 are hereby realleged and incorporated herein by reference. As a result of the foregoing offenses, Defendants ROSEANNE RAMOS, ARION COLVIN, ANTHONY CARTER, and ANTHONY CHURCH shall forfeit to the United States any and all property constituting or derived from any proceeds they obtained, directly or

indirectly, as a result of the said violations; and, any and all property used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations.

A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.